IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD ALBIN BLOM, a/k/a Donald Pince, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Civil Action No. 05-408 ) Judge Joy Flowers Conti/ ) Magistrate Judge Francis ) X. Caiazza |
| UNITED STATES OF AMERICA and LOUIS FOLINO. | ) ) ) |
| Respondents. | ) ) ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I.   RECOMMENDATION

It is recommended that the claims set out in the Section 2241 Habeas Corpus Petition filed by Donald Blom ("the Petitioner" or "Blom"), a/k/a Donald Pince, be denied with and without prejudice. More specifically, Blom's Petition should be denied, without prejudice, because of his failure to exhaust the available administrative remedies with respect to the claims that follow: 1) his request to be designated as being in federal custody; 2) his request to be given credit against his federal sentence for all time served since June 26, 1999; and 3) his request to serve his state and federal sentences concurrently. The Petition should be denied, with prejudice, regarding Blom's request that he be housed in a particular institution.

## II. **REPORT**

Donald Albin Blom is currently serving a life sentence imposed by the state of Minnesota for the May 1999 abduction and murder of a nineteen year old lady which occurred in Minnesota. Pursuant to the Interstate Corrections Compact, Blom is serving the sentence imposed by the Minnesota court in the State Correctional Institution at Greene, a Pennsylvania Department of Corrections facility. ("SCI- Greene"). The relevant facts follow.

Shortly after the murder, the Petitioner was arrested by the state of Minnesota police and thereafter simultaneous state and federal proceedings were initiated against him. Prior to the murder, Blom had been convicted of other felonies -including a felony conviction stemming from a 1983 incident in which he abducted and sexually assaulted two teenaged girls. Minnesota v. Blom, 682 N.W.2d 578, 612 n.18 (Minn. 2004 (*citing*, Minnesota v. Pince, 358 N.W.2d 435, 438 (Minn.App. 1984)). Following the May 1999 murder, a search of Blom's home resulted in the discovery of a number of weapons. Thereafter, Blom was charged with and convicted in Federal Court for the District of Minnesota with being a convicted felon in possession of weapons. In this federal habeas petition, Blom essentially is challenging the sequential order in which he is serving his state and federal sentences - which were apparently imposed on a consecutive basis.

Specifically, Blom argues that he "should be serving [his] sentence in federal custody first." Doc. 6 at ¶ 9.

### A. **Relevant Procedural History and Facts**

Blom filed this Section 2241 petition, naming only the United States of America as a respondent. Doc. 6. He essentially seeks: 1) to be designated as being in federal custody; 2) to be given credit against his federal sentence for all time served since June 26, 1999 -the date a federal detainer was lodged against him while he was incarcerated in the Carlton County (Minnesota) Jail; 3) to be transferred to a federal facility; and 4) to serve his state and federal sentences concurrently. Doc. 6, Attach. at 6; Doc. 15-1 at 2. The Respondents filed an answer asserting that Blom has not exhausted his administrative remedies. Doc. 17. The Petitioner filed a traverse. Doc. 15. Next, the Respondent filed a sur-reply. Doc. 17. Finally, Blom filed a motion to amend his Section 2241 petition asking to name as an additional respondent his current custodian, the Superintendent of SCI-Greene. Doc. 25. By order filed simultaneously with this Report, his motion to amend will be granted.

### B. **Discussion**

The Respondents contend that Blom has failed to exhaust his administrative remedies, as he must, before commencing a federal habeas petition. The Court agrees.

3

It is well-settled that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). The exhaustion requirement must be satisfied before seeking relief in federal court unless Congress has indicated to the contrary or unless the available administrative remedies are inherently inadequate. Muhammad v. Carlson, 739 F.2d 122, 123 (3d Cir. 1984), *superceded by statute on other grounds as recognized in*, Nyhuis v. Reno, 204 F.3d 65, 71 n.7 (3rd Cir. 2000). Exhaustion is required for three reasons: (1) it allows the appropriate agency to develop a factual record and its expertise facilitates judicial review; (2) it conserves judicial resources; and (3) it provides agencies with the opportunity to correct their own errors. Moscato, 98 F.3d at 761-62.

As the Respondents point out, exhaustion of the United States Bureau of Prisons' ("BOP") administrative remedies is essential because:

> [a]fter a defendant is sentenced, it falls to BOP, not the district judge, to determine when a sentence is deemed to commence . . . whether the defendant should receive credit for time spent in custody before the sentence commence[s] [and to] determine[] credit issues . . . . [And] [w]hile [the] BOP may consider the recommendation of the sentencing judge in determining the place of a confinement, the district judge's views are not controlling.

4

United States v. Pineyro, 112 F.3d 43, 45 (1997)(internal quotations and citations omitted). Moreover, in contrast to civil rights actions and the Prison Litigation Reform Act, where exhaustion is an affirmative defense, Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002), in habeas petitions, exhaustion is a condition precedent and the burden of proof falls on the habeas petitioner. See, e.g., United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990); Smith v. Marberry, No. 06-CV-10249, 2006 WL 305551, *1 (E.D. Mich. Feb. 8, 2006). Blom's claims will be addressed separately.

    a.) The request to be designated as being in federal custody

The Respondents point out that the administrative remedy available to Blom is set out in BOP Program Statement 5160.05 - Designation of State Institution for Service of Federal Sentence. Doc. 10-5 at 2-14. The administrative remedy available to Blom essentially requires that he direct a letter to the Northeast Regional Director of the BOP and request that SCI-Greene be designated *nunc pro tunc* as the site of his federal sentence.

In his traverse, Blom asserts that he directed two letters to the BOP, one in February 2003 and another in September 2003, suggesting that he has exhausted his administrative remedies. He failed to include a copy of the February letter but he did include a copy of the September 2003 letter. But, as the Respondents point out, the September 2003 letter was not

addressed to the Northeast Regional Director as required by the Program Statement; rather, it was directed to the BOP's Central office in Washington, D.C. Doc. 15-2 at 3-4. The Respondents attached to their initial answer an affidavit from Fernando Messer, BOP's Regional Inmate Systems Administrator for the Northeast Region, who attested that Blom did not file with that office a letter requesting *nunc pro tunc* designation of SCI-Greene as the site of his federal sentence.

Here, Blom has failed to meet his burden of proof. First, in his affidavit, Fernando Messer states that a prisoner should request designation of a state institution as the site of his federal sentence by directing a latter to the regional director requesting a *nunc pro tunc* designation. Second, the clear language of the Program Statement provides that in the first instance the authority to make *nunc pro tunc* designations lies with the Regional Director. Doc. 10-5 at 5 ¶ 8. Cf. Nyhuis, 204 F.3d at 73 ("it is beyond the power of this court . . . to excuse compliance with the exhaustion requirement . . . ."). Moreover, if the BOP grants the *nunc pro tunc* designation, Blom will have obtained the relief he seeks. If the BOP wrongly denies his request, then he may file a Section 2241 petition in the appropriate court  -after he has exhausted the administrative remedies.

b.) <u>Blom's request to be transferred to a federal facility</u>

With respect to Blom's request that he be transferred to a federal facility, he has no federal right to serve his federal sentence in any particular prison -be it state or federal. <u>Meachum v. Fano</u>, 427 U.S. 215 (1976)(due process clause does not create liberty interest in remaining in a certain prison); <u>Olim v. Wakinekona</u>, 461 U.S. 238 (1983)(transfer to out of state prison implicates no liberty interests). <u>See also</u> 18 U.S.C. § 3621(b).[1]

c.) <u>Blom's sentencing issues</u>

Finally, Blom requests that he be given credit toward his federal sentence for all time served from June 26, 1999 to the present. That claim, too, is subject to the exhaustion requirement. <u>United States v. Brann</u>, 990 F.2d 98, 103-04 (3d Cir. 1993)("The Attorney General has the power to grant credit for pretrial custody in the first instance. Thus, [a habeas petitioner] must first exhaust his administrative remedies . . . by seeking any allowable credit for his pretrial detention from

---

1. 18 U.S.C.A. § 3621(b) provides that:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, **whether maintained by the Federal Government or otherwise** and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable . . .

(emphasis added).

7

the Attorney General.")(citations omitted). Consequently, the question of whether Blom is entitled to credit against his federal sentence from June 1999 to August 2000 (the date on which Blom was first housed at SCI-Greene) is an issue that should first be resolved through the administrative process.[2] This request is also related to the question of whether Blom's sentence is to be served concurrently or consecutively. In order for Blom to demonstrate that his sentence was concurrent he must show that he be given credit for all time served; i.e., from June 26, 1999 to the present time. Again, for that question to be resolved Blom must exhaust his available administrative remedies.

### III. CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

---

2. It would not appear that Blom, as a prisoner who seeks to challenge the execution of his federal sentence via this Section 2241 petition would need of a certificate of appealability in order to file an appeal in the Court of Appeals. See, e.g., United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000)(Federal prisoner appeals from § 2241 proceedings are not governed by § 2253's certificate of appealability requirement. See 28 U.S.C. § 2253(c)(1)(B); see also Sugarman v. Pitzer, 170 F.3d 1145, 1146 (D.C. Cir. 1999).

8

_Francis X. Caiazza_
Francis X. Caiazza
U.S. Magistrate Judge

Dated: March 7, 2006.

cc: The Honorable Joy Flowers Conti
United States District Judge

   Donald Albin Blom - EJ 7352
   SCI-Greene
   175 Progress Drive
   Waynesburg, PA 15370

   Christy C. Wiegand
   Assistant U.S. Attorney
   U.S. Courthouse & Post Office
   700 Grant Street
   Suite 400
   Pittsburgh Pa. 15219